IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEROME JONES, #1703077 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv430 |
| DR. GREY, ET AL | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Jerome Jones, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was assigned to the undersigned by the consent of the parties pursuant to 28 U.S.C. § 636(c).

The complaint was filed on August 17, 2011, and an amended complaint was filed on October 12, 2011. The Plaintiff complained that while he was incarcerated at the Bradshaw State Jail, he started bleeding with his stools on or about June 2, 2011. He claims Defendant LVN Jacobs did not provide adequate assistance and that Dr. Grey refused to treat him adequately or send him to the emergency room. He sought declaratory and injunctive relief and damages.

On February 14, 2013, Defendants filed a Motion to Dismiss (docket entry #25). However, on February 21, 2013, Plaintiff filed a letter Motion to Dismiss (docket entry #26) asking that his lawsuit be dismissed because he was no longer at the Bradshaw Unit and "Dr. Grey can't harm me again"; the medical staff at the Coffield Unit has scheduled a hospital appointment for him for treatment; and he does not wish the existence of his lawsuit to be a complicating factor in the

1

consideration of his eligibility for parole. Motion at 1-2.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss his action before an opposing party serves either an answer or a motion for summary judgment. Here, Defendants did not file an answer or a motion for summary judgment. They did file a brief Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Court takes that motion as signifying assent to a dismissal judge of the claims in this case. Neither Plaintiff nor Defendants in their respective motions to dismiss specified whether their requests were for dismissal with or without prejudice. Therefore, pursuant to Fed. R. Civ. P. 41(a)(1)(B), dismissal without prejudice is appropriate.

It is accordingly

**ORDERED** that Plaintiff's Motion to Dismiss (docket entry #26), construed as a motion to voluntarily dismiss his lawsuit pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), is hereby **GRANTED**. Plaintiff's lawsuit is accordingly **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)-(B). It is further

**ORDERED** that Defendants' Motion to Dismiss (docket entry #25) is hereby **DENIED** as **MOOT**. It is finally

**ORDERED** that any motion by any party not already addressed is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **24** day of **February, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE